IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH FONSECA, | No. CIV S-10-2685-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF RED BLUFF, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding pro se,[1] brings this civil action. Pending before the court is defendant's motion to compel (Doc. 13). Defendant contends that plaintiff completely failed to respond to discovery requests and seeks an order compelling responses. Defendant also seeks sanctions. The matter was heard before the undersigned on May 5, 2011. Scott Hubbard, Esq., appeared for plaintiff. Kevin Dehoff, Esq,. appeared for defendant.

/ / /

/ / /

/ / /

---

[1] By order dated May 16, 2011, issued by the District Judge, Lynn Hubbard, Esq., was granted leave to withdraw as counsel for plaintiff.

1

1    Defendant served plaintiff with a request for production of documents and special
2 interrogatories on February 10, 2011.  Responses were due by March 15, 2011.  Plaintiff never
3 requested an extension of the deadline.  After no responses were received, defendant's counsel
4 sent plaintiff's counsel a meet-and-confer letter on March 18, 2011.  By letter dated March 23,
5 2011, plaintiff's counsel informed defendant's counsel that their office had no record of any
6 discovery requests served by defendant.  Plaintiff's counsel also indicated in this letter that their
7 office was in the process of withdrawing.

8    Federal Rule of Civil Procedure 37(a) permits a party to move the court for an
9 order compelling responses to unanswered discovery.  Rule 37(d) also permits the court to award
10 sanctions against the non-responding party.  A review of counsel's declaration filed in support of
11 defendant's motion to compel reflects that discovery requests were properly served on plaintiff,
12 via her counsel of record, on February 10, 2011.  In opposition, plaintiff's counsel state in
13 various declarations submitted by attorneys who have worked on plaintiff's case that discovery
14 was never received by their office.  These declarations, however, fail to rebut the presumption
15 established by the proofs of service attached to the discovery requests that they were properly
16 served and, therefore, properly received.  There is simply no evidence to support plaintiff's
17 counsels' assertion that their office never received the discovery.  While they so state, the
18 declarations are not inconsistent with the possibility that, for example, the discovery was simply
19 misplaced and lost.  It is undisputed that responses have not been served.

20    Plaintiff also states in opposition to defendant's motion that the court should
21 "deny the defendant's motion until *after* our motion to withdraw is heard and Fonseca has the
22 opportunity to appoint new counsel."  Plaintiff does not state, however, how withdrawal relates
23 to counsels' failure to respond to discovery or counsels' ability to provide responses prior to
24 withdrawal.

25 / / /

26 / / /

1  Defendant's motion to compel will be granted.  As to defendant's request for
2  sanctions, defendant seeks dismissal sanctions in the event plaintiff fails to comply with any
3  order compelling responses.  This request, however, is more properly the subject of a separate
4  motion for terminating sanctions in the event of plaintiff's non-compliance.

5  Defendant also seeks monetary sanctions reimbursing the reasonable attorney's
6  fees for bringing the motion to compel and has submitted counsel's declaration in support of this
7  request.  Counsel states that he spent a total of 19 hours on the motion to compel, at a reasonable
8  hourly rate of $160.00 per hour.  The court finds the time and hourly rate to be reasonable and,
9  good cause appearing therefor, will award a monetary sanction in the amount of $3,040.00.  This
10 sanction shall be paid by plaintiff personally and not plaintiff's former counsel.

11 Plaintiff is cautioned that failure to comply with this order may, on defendant's
12 motion, result in dismissal of this action.

13 Accordingly, IT IS HEREBY ORDERED that:

14 1. Defendant's motion to compel (Doc. 13) is granted;

15 2. Plaintiff shall serve responses to defendant's request for production of
16 documents and special interrogatories on or before June 13, 2011 , such responses to be without
17 objection;

18 3. Plaintiff personally shall pay to defendant a monetary sanction in the
19 amount of $3,040.00, such sanctions to be paid on or before June 13, 2011; and

20 4. The Clerk of the Court, along with plaintiff's former counsel, are directed
21 to serve a copy of this order on plaintiff at 1529 Lincoln St., Apt. #2, Red Bluff, CA 96080-
22 2693.

DATED: May 18, 2011

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE