UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUDITH FONSECA,                          No. 2:10-cv-02685-MCE-CMK

      Plaintiff,

  v.                                     **ORDER**

CITY OF RED BLUFF,

      Defendant.

----oo0oo----

Plaintiff Judith Fonseca ("Plaintiff") instituted the present lawsuit against Defendant City of Red Bluff ("Defendant") for injuries she claims to have sustained as a result of falling from her wheelchair. In addition to suing Defendant for negligence per se as a result of claimed accessibility issues that caused her to fall, Plaintiff also alleges claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and other state law claims protecting the disabled.
///
///

1

1     On April 4, 2011, Plaintiff's counsel, the Disability
2 Advocacy Group, APLC, moved to withdraw as attorney of record
3 after telling defense counsel that difficulties in corresponding
4 with Plaintiff forced them to seek withdrawal.  See Decl. Of
5 Kevin J. DeHoff, ¶ 5.  In the meantime, Defendant's discovery
6 requests had gone unanswered.  On May 6, 2011, counsel's motion
7 to withdraw, which Plaintiff had not opposed, was granted.
8     On April 5, 2011, Defendant moved to compel Plaintiff's
9 responses to both interrogatories and document production
10 requests.  That motion was granted, and Plaintiff was both
11 ordered to respond to the outstanding discovery by June 13, 2011,
12 and ordered to personally pay sanctions in the amount of
13 $3,040.00 by the same date.
14     After June 13, 2011 came and went without either payment or
15 response by Plaintiff, defense counsel wrote Plaintiff a letter
16 indicating that if she did not comply with the Court's order by
17 July 1, 2011, Defendant would proceed with filing a motion to
18 dismiss for failure to comply with a court order under Federal
19 Rule of Civil Procedure 37(b),[1] as well as for failure to
20 prosecute under Rule 41(b).  Plaintiff's continued failure to
21 make any response prompted the motion to dismiss now before the
22 Court.  Plaintiff has failed to oppose or respond to that motion
23 in any way.
24 ///
25 ///
26 ///

---

28     [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1    Rule 37(b)(2)(A)(v) provides, in pertinent part, that "[i]f
2 a party...fails to obey an order to provide or permit
3 discovery....the court where the action is pending may issue
4 further just orders", including dismissal.  Dismissal is proper
5 under Rule 37 for a serious or total failure to respond to
6 discovery even without a court order.  <u>Sigliano v. Mendoza</u>,
7 642 F.2d 309, 310 (9th Cir. 1981).

8    The factors to be considered in determining the propriety of
9 dismissal under Rule 37 all point towards dismissal.  <u>See, e.g.</u>,
10 <u>Rio Properties, Inc. v. Rio Intern. Interlink,</u> 284 F.3d 1007,
11 1022 (9th Cir. 2002).  Plaintiff's failure to respond both to the
12 Court and to opposing counsel has been complete.  The public
13 interest in the expeditious resolution of litigation, the court's
14 need to manage its docket, and the risk of prejudice to
15 defendants by allowing the suit to continue all mandate in favor
16 of dismissal.  Moreover, less drastic sanctions have already been
17 imposed in the form of both court orders and monetary sanctions,
18 without success.  Finally, while the Court recognizes the public
19 policy favoring disposition of cases on the merits, Plaintiff's
20 total failure to respond and lack of cooperation makes that goal
21 impossible in this matter.  <u>See id.</u>  Consequently, dismissal
22 under Rule 37(b) is warranted.

23    Plaintiff's alternative request for dismissal under
24 Rule 41(b) is also well taken.  Plaintiff has failed to respond
25 to written discovery, has failed to obey the Court orders to
26 respond, and has failed to pay mandated sanctions.  She has made
27 no apparent attempt to prosecute her case for many months.
28 ///

3

1 Accordingly, dismissal under Rule 41(b), which is based on the
2 same factors outlined about with respect to Rule 37(b), is
3 indicated.
4     Given the foregoing, then, dismissal is warranted under both
5 Rule 37(b) and Rule 41(b). **Defendant's** Motion (ECF No. 31) is
6 accordingly GRANTED.[2]  Plaintiff's lawsuit is hereby dismissed,
7 with prejudice.  The Clerk of Court is directed to close this
8 file.
9     IT IS SO ORDERED.

Dated: August 5, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

4